1

2

3                                                                              O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   VEENA VAID-RAIZADA, M.D., an  )   Case No. CV 08-01106 DDP (CTx)
     individual,                   )
12                                 )   **ORDER DENYING DEFENDANT'S MOTION**
                      Plaintiff,   )   **TO CORRECT OR CLARIFY COURT'S**
13                                 )   **JUNE 24, 2009 ORDER**
          v.                       )
14                                 )   [Motion filed on July 13, 2009]
     LEXINGTON NATIONAL INSURANCE  )
15   COMPANY, Maryland             )
     corporation; A.I.G. DOMESTIC  )
16   CLAIMS,INC.; a Delaware       )
     corporation; F.G., by and     )
17   through her Guardian ad       )
     Litem, MURLINE MAXIE,         )
18                                 )
                      Defendants.  )
19   _____)

20

21        This matter comes before the Court on Defendant Lexington

22   National Insurance Company's Rule 60(a) and/or (b)(6) Motion to

23   Correct Order or, Alternatively, for Clarification of June 24, 2009

24   Order.[1]  Although Defendant does not technically frame this Motion

25   _____

26        [1]Because the Court considered the parties briefing thorough
     and because the Court has previously considered issues bearing on
27   this motion, the Court vacated the hearing date on this Motion.
     See C.D. Cal. L.R. 7-15.  In Reply, Defendant requests that the
28   matter be returned to the Court's calendar for oral argument.  The
     matter has been fully briefed.  The Court finds this motion
     suitable for decision without oral argument, and therefore denies
                                               (continued...)

as a Motion for Reconsideration, the Court notes that, as a practical matter, it is either a Motion for Reconsideration or an additional Motion for Summary Judgment.  For the sake of clarity and in the interest of resolving cases on the merits, the Court nevertheless exercises its discretion to consider the Motion. After reviewing the materials submitted by the parties and considering the arguments therein, the Court denies the Motion.

**I.    BACKGROUND**

As the allegations and prior orders in this case are well-known to the parties and the Court, the Court does not repeat that history here.  Instead, the Court immediately turns to Defendant's arguments.

**II.  DISCUSSION**

Defendant's Motion challenges the Court's prior orders on two basic grounds.  First, Defendant argues that the Court's order finding a genuine issue of material fact on the duty to indemnify was issued in error.  Second, Defendant asks the Court to enter judgment on the tortious breach of the duty to settle in its favor.

**A.   Duty to Indemnify**

The Court denies Defendant's Motion with respect to the duty to indemnify.  First, to the extent Defendant argues that the Court's recent orders departed from the rules of insurance contract interpretation, the Court notes that its orders have applied its interpretation of the insurance contract.  The Court declines to revise that interpretation here.  Second, the Court continues to find that the Tappan Declaration creates a genuine issue of

---

[1](...continued)
this request.

2

1  material fact and that it was properly considered.  Third, the
2  Court's grant of judicial notice of the underlying judgment and
3  orders does not have the effect of resolving these issues in
4  Defendant's favor.  Rather, it simply establishes what those
5  underlying orders found.
6      **B.  Tortious Breach of the Duty to Settle**
7      Defendant also asks the Court to address whether it tortiously
8  violated the duty to settle.  The Court has already ruled in
9  Defendant's favor on bad faith breach of the duty to defend, as the
10 Court's May 2008 order found that there were no genuine issues of
11 material fact as to whether Defendant's denial of a defense for
12 Plaintiff was unreasonable.  See Wilson v. 21st Century Ins. Co.,
13 42 Cal. 4th 713, 723 (2007) ("[A]n insurer's denial of or delay in
14 benefits gives rise tort damages only if the insured shows the
15 denial or delay was unreasonable.").  In the same Order, the Court
16 denied the motion on the duty to settle.  The Court's June 24, 2009
17 Order likewise denied the bad faith duty to settle claim because
18 the Court had changed its ruling on the duty to indemnify.  The
19 Court did not address the claim in significant detail in either
20 Order.  Now, Defendant argues that the Court's finding regarding
21 bad faith on the duty to defend requires the Court to enter summary
22 judgment on Plaintiff's claim for tortious breach of the duty to
23 settle, as distinct from her contractual claim.
24     Generally, an insurer's refusal to provide coverage only
25 yields tort damages where that refusal is unreasonable; as a
26 corollary, where there is a "genuine dispute" as to coverage, the
27 insurer cannot be held liable in tort.  See Wilson, 42 Cal. 4th at
28 723-24.  Courts have consistently applied the "genuine dispute"

1  rule in assessing bad faith tort claims on the duty to defend, the
2  duty to indemnify, and the duty to provide benefits.

3      The parties dispute whether this doctrine also applies in the
4  context of the duty to settle.  Although the Court has not found a
5  case that conclusively resolves this question, the most applicable
6  California authority does not apply the same "genuine dispute" rule
7  to the duty to settle.  Rather, that case treats duty to settle
8  contract and tort claims as requiring the same substantive analysis
9  in both contract and tort, but being subject to different statutes
10 of limitations and different recoverable damages.  The Court
11 follows this approach.  Because the Court has found that there is a
12 genuine issue of material fact on the duty to indemnify, the Court
13 finds summary judgment on the duty to settle inappropriate in both
14 contract and tort.

15     While a breach of the duty to indemnify, the duty to defend,
16 and the duty to pay benefits originate from the language of an
17 insurance contract, California courts have found that there is also
18 a duty to settle that arises from the implied obligation of good
19 faith and fair dealing.  See Crisci v. Security Ins. Co., 66 Cal.
20 2d 425, 429 (1967).  "[W]hether a liability insurer's failure to
21 accept a settlement offer constituted a breach of the implied
22 covenant depends on whether that settlement offer was
23 'reasonable.'"  Archdale v. Am. Int'l Specialty Lines Ins. Co., 154
24 Cal. App. 4th 449, 464 (2007).  Where an insurer "rejects a
25 settlement offer without regard to its reasonableness, but solely
26 on the ground of noncoverage," the insurer "who denies coverage
27 does so at its own risk."  Id. at 465.  If the denial of coverage
28 is found to be wrongful, the insurer "'is liable for the full

4

1   amount which will compensate the insured for all the detriment
2   caused by the insurer's breach of the express and implied
3   obligations of the contract.'" Id. (quoting Comunale v. Traders &
4   General Ins. Co., 50 Cal. 2d 654, 660 (1958)).  Put differently, in
5   general, the requirements for a bad faith action based on an
6   insurer's refusal to settle include: (1) that the underlying
7   lawsuit was for a claim covered by the insurance policy, (2) that
8   the insurer failed to accept a reasonable settlement demand for an
9   amount within the policy's limits of liability, and (3) that a
10  monetary judgment was entered against the insured for an amount in
11  excess of those policy limits.  Croskey et al., Cal. Prac. Guide:
12  Insurance Litigation, ¶ 12:233 (2008).

13      Archdale – on which both parties rely in part – appears to be
14  the California authority most closely on point in addressing the
15  relationship between the two different forms of a "bad faith"
16  breach of the duty to settle.  As discussed by the Archdale court,
17  there is no difference in the substantive analysis between the two.
18  An insurer's "breach of this implied obligation [to settle] sounds
19  in both contract and tort." Archdale, 154 Cal. App. 4th at 466.
20  "[T]he scope of the duty imposed on the insurer by the implied
21  covenant of good faith and fair dealing does not turn on whether
22  its breach is characterized as contractual or tortious." Id.
23  "Whether the insured's remedy will be in contract or tort will
24  depend on the nature of the relief or recovery sought by the
25  insured." Id.  Although the substantive analysis is similar, there
26  are distinctions between a claim sounding in contract and a claim
27  sounding in tort.  The only differences discussed by the Archdale
28  court, however, are those related to (1) the types of damages, (2)

5

1   the statute of limitations, and (3) whether certain kinds of

2   damages claims are assignable.  See Archdale, 154 Cal. App. 4th at

3   467 & n.19; cf. Hamilton v. Md. Casualty Co., 27 Cal. 4th 718, 725

4   (2002) (discussing how damages in contract only at issue because

5   the contract action was the only cause of action assigned to

6   plaintiff).

7       The Archdale court nowhere suggests that a "genuine dispute"

8   as to coverage is an appropriate consideration in the duty to

9   settle context.  Rather, all indications from that decision are to

10  the contrary.  In its statement of the law, the opinion suggests

11  that considerations as to coverage are inappropriate in the duty to

12  settle context, see 154 Cal. App. 4th at 463-64, and that the only

13  question in assessing the merits of a duty to settle claim are

14  whether the offer to settle was "reasonable," see id. at 464.  By

15  implication, the coverage position is not relevant to the analysis.

16  Moreover, Archdale's application of the facts supports such a

17  conclusion: although the insurer had actually covered the claims –

18  and therefore its coverage position was not a problem – the only

19  barrier to a potential tort claim was the statute of limitations.

20  The only other authority the court has found directly addressing

21  this issue has suggested that the "reasonable dispute" doctrine is

22  not applicable in the duty to settle context.  See Shade Foods,

23  Inc. v. Innovative Products Sales & Marketing, Inc., 78 Cal. App.

24  4th 847, 879 n.9 (2000).

25      Defendants arguments do not convince the Court that a

26  departure from Archdale's analytical approach is the correct

27  interpretation of the law.  Defendant argues that it has found no

28  case where a plaintiff has been permitted to recover tort damages

*without* the insurer having taken an unreasonable coverage position. The Court has found no case – and the parties have not cited one – that has held that the "reasonable dispute" doctrine applies in the duty to settle context;[2] on the contrary, the only relevant authority the Court has found has appeared to suggest that the doctrine is inapplicable. Although the Court notes that Plaintiff will need to prove that the settlement offer was *reasonable*, liability flowing from an "unreasonable refusal to settle" has a different definition and application than that flowing from an unreasonable coverage position. For similar reasons, the Court is not persuaded that the approach taken by courts in non-duty to settle cases is appropriate here. See *Amadeo*, 290 F.3d at 1162.

Overall, then, the Court denies Defendant's motion on this ground. On the Court's reading of the most relevant California authority, tort recovery for breach of the implied duty to settle does not require Plaintiff to prove that Defendant's *coverage* position was unreasonable; rather, it requires Plaintiff to prove that Defendant refused a reasonable *settlement offer*. If coverage is ultimately found, Plaintiff may recover tort or contract damages (according to proof and as allowed by applicable statutes of limitations). If coverage is ultimately denied or if the settlement offer was found to be unreasonable, Plaintiff cannot recover on this claim.

///

///

---

[2]The closest the Court found was <u>Dalrymple v. United Services Auto. Ass'n</u>, 40 Cal. App. 4th 497 (1995), which the Court finds inapposite.

1  **III. CONCLUSION**

2      For the foregoing reasons, the Court denies Defendant's Motion

3  in full.

4  IT IS SO ORDERED.

5

6

7  Dated: August 12, 2009

8                                              DEAN D. PREGERSON
                                               United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28